**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BMW OF NORTH AMERICA, LLC,**
**BAYERISCHE MOTOREN WERKE AG,**

                **Plaintiffs,**

**-vs-**                                                      **Case No.  6:13-cv-1215-Orl-18DAB**

**EUROCAR TECHNOLOGY, L.L.C.,**
**MARCELINO GARCIA,**

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR DEFAULT JUDGMENT AGAINST EUROCAR TECHNOLOGY, LLC, AND MARCELINO GARCIA (Doc. 15)**
>
> **FILED:**   **November 21, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "BMW") have obtained entries of default against Defendants Eurocar Technology, L.L.C. and Marcelino Garcia, who had failed to defend in the case. BMW now moves for final default judgment against the Defendants. Doc. 15.

**Procedural History**

On August 9, 2013, Plaintiff filed a Complaint against Defendants for trademark infringement, unfair competition, and deceptive and unfair trade practices in using BMW's well-known Roundel

logo, M-Stripes logo, and MINI Wings logo. Doc. 1. Plaintiff obtained an entry of default against Defendants, when they failed to respond to the Complaint. Doc. 14. BMW has now moved for final default judgment against the Defendants seeking a permanent injunction enjoying them from using its marks. Doc. 15. It is respectfully **RECOMMENDED** that BMW's Motion for Final Default Judgment be **GRANTED** and default judgment be entered against Defendants Eurocar Technology, L.L.C. and Marcelino Garcia.

**I. Default Judgment**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). Defendant Marcelino Garcia was served individually and as the registered agent of Eurocar Technology, LLC, with a summons and copy of Plaintiff's Complaint on September 12, 2013. Docs. 9, 10. However, neither Defendant filed a timely response with this Court after they were served with process.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default against them served to admit the well pleaded allegations of the Complaint, including that Defendants' infringement of BMW's trademarks was willful. *See, e.g.*, *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact."); *see also See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

To prevail on a claim for trademark infringement under 15 U.S.C. § 1114, the plaintiff must show (1) that it possesses a valid mark, (2) that the defendant used the mark, (3) that the defendant's use of the mark occurred in commerce, (4) that the defendant used the mark in connection with the sale or advertising of any goods, and (5) that the defendant used the mark in a manner likely to

confuse consumers. *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1218 (11th Cir. 2008). Similarly, for an unfair competition claim under 15 U.S.C. § 1125(a), the plaintiff must show that (1) it had trademark rights in a mark or name and (2) that the defendant had adopted a mark or name that was the same, or similar enough that consumers are likely to confuse the two. *Suntree Techs., Inc. v. Ecosense Intern., Inc*., 693 F.3d 1338, 1348 (11th Cir. 2012). Facts sufficient to establish a claim of trademark infringement under 15 U.S.C. § 1114 are sufficient to establish a claim of unfair competition under 15 U.S.C. § 1125. *Babbit Elecs., Inc. v. Dynascan Corp*., 38 F.3d 1161, 1181 (11th Cir. 1994).

The Florida Deceptive and Unfair Trade Practices Act protects "the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. Fla. Stat. Ann. § 501.202(2). A practice is unfair if it "offends established public policy" or is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *PNR, Inc. v. Beacon Prop. Mgmt., Inc*., 842 So.2d 773, 777 (Fla. 2003).

Because default has been properly entered against Defendants, they are deemed to have admitted the allegations made in Plaintiff's Complaint. *See* Doc. 1. BMW is the exclusive owner of the well-known and incontestable marks: Roundel logo, M-Stripes logo, and MINI Wings logo. Doc. 1 ¶¶ 8-14. Defendants have used these marks in commerce without BMW's consent in connection with Defendants' competing automotive business. Doc. 1 ¶¶ 20, 23-24, 31, 35, 47. Defendants' use of BMW's marks is likely to cause confusion in the marketplace. Doc. 1 ¶¶ 26, 30, 36, 48. Defendants' use of BMW's marks was willful and deliberate. Doc. 1 ¶¶ 32, 37. BMW has been injured and damaged by Defendants' activities (Doc. 1 ¶¶ 27, 33, 40, 49), and Defendants have been unjustly enriched from their infringement (Doc. 1 ¶¶ 26, 33, 40, 50). With respect to BMW's FDUTPA claim, BMW alleges that Defendants are engaged in trade or commerce as defined by the statute, that

their acts are likely to mislead of confuse the public, and that BMW has been injured and damaged by Defendants' actions. Doc. 1 ¶¶ 43-45.

BMW sent Defendants four cease and desist letters regarding their unauthorized use of BMW's Roundel logo, M-Stripes logo, and MINI Wings logo in connection with their business. Doc. 15-1. Defendants did not respond to any of BMW's letters and continued to display BMW's trademarks in connection with their own business. Doc. 15-1. Despite being served with the Complaint, Defendants are displaying a colorable imitation of BMW's Roundel logo incorporating BMW's M-Stripes logo on their website at www.eurocarfl.com and their print advertisements, BMW's MINI Wings logo on their print advertisements, and BMW's Roundel logo on banners. Doc. 15-1, Ex. 1.

## II. Injunctive Relief

BMW is entitled to injunctive relief to prevent any future infringement of its trademarks. The Lanham Act permits the issuance of permanent injunctions to prevent future violations. 15 U.S.C. § 1116. Courts have the authority to grant permanent injunctions under the Lanham Act, provided that the plaintiff demonstrates that (1) it has suffered an irreparable injury; (2) the remedies available at law are inadequate compensation; (3) a remedy in equity is warranted, considering the hardships imposed on the defendant and the plaintiff; and (4) a permanent injunction would not be contrary to the public interest. *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008).

BMW has established the necessary elements for a permanent injunction in its Complaint. The Eleventh Circuit has noted that trademark infringement by its nature often results in irreparable harm and that there is generally no adequate remedy at law. *Tally-Ho, Inc. v. Coast Comm. Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989). Irreparable injury has been determined to include "loss of control of reputation, loss of trade, and loss of goodwill." *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x

180, 190 (11th Cir. 2005) (quoting *Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 805 (3d Cir. 1998)). BMW need not introduce evidence of threats of future harm when the Defendants have willfully infringed a plaintiff's trademarks. *See Polo Fashions, Inc. v. Dick Bruhm, Inc.*, 793 F.2d 1132, 1135-36 (9th Cir. 1986); *Vuitton Et Fils, S.A. v. Crown Handbags*, 492 F. Supp. 1071, 1077 (S.D. N.Y. 1979) ("mere possibility of infringement is sufficient to warrant a permanent injunction"), *aff'd*, 622 F.2d 577 (2d Cir. 1980).

As BMW points out, the public is likely to assume that Defendants are affiliated with BMW due to Defendants' use of BMW's famous marks. BMW therefore has lost control of its reputation and the goodwill associated with its marks. Further, Defendants did not respond to any of BMW's cease and desist letters and have failed to respond to this lawsuit. Doc. 1 ¶ 21; Doc. 15-1 ¶¶ 3-4. Defendants continue to use BMW's marks on their website, banners, and advertisements. Doc. 15-1 ¶¶ 10. Legal remedies are inadequate to redress Defendants' continued infringement, and, without a permanent injunction, Defendants will continue to unlawfully display BMW's trademarks in connection with their business. BMW will have no other recourse against Defendants. As BMW has shown, Defendants' infringement continued after BMW repeatedly warned Defendants by letter of reported infringement, which supports a finding that Defendants would continue to violate BMW's trademark rights in the future. The balance of hardships and the public interest also favor a permanent injunction. A permanent injunction prohibiting the use of BMW's marks in connection with Defendants' business will not harm Defendants, and the public will benefit by eliminating any confusion about Defendants' affiliation with BMW.

It is respectfully **RECOMMENDED** that the Proposed Injunction (Doc. 15-2) be entered.

**III. Attorney's Fees**

BMW seeks entitlement to attorney's fees (the amount to be determined at a later date) for the prosecution of its claims against the Defendants. 15 U.S.C. § 11177(b). Under Section 35(a) of the

Lanham Act, courts may award reasonable attorney fees to the prevailing party "in exceptional cases." 15 U.S.C. § 1117(a); *Montgomery v. Noga*, 168 F.3d 1282, 1304 (11th Cir. 1999). Exceptional cases are those where the infringing party acts in a "malicious, fraudulent, deliberate, or willful manner." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1205 (11th Cir. 2001) (reversing fee award that lacked sufficient factual findings); *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994) (quoting 1974 U.S.C.C.A.N. 7132, 7133).

BMW has established that Defendants have acted willfully in continuing the infringing conduct, even after BMW repeatedly warned Defendants of the infringement and likelihood of confusion. *See PetMed Express, Inc. v. MedPets.Com, Inc.,* 336 F.Supp.2d 1213 (S.D. Fla. 2004) (trademark holder was entitled to award of attorney fees under the Lanham Act's attorney fee provision where defendant acted willfully in registering domain names that were confusingly similar to the marks, continued to infringe even after receiving notice from the plaintiff, and defaulted after being served with suit).

BMW's allegations of willful infringement have been admitted due to Defendants' default. Defendants have completely disregarded BMW's requests to cease and desist their unauthorized use of BMW's trademarks. Doc. 1 ¶ 21; Doc. 15-1 ¶¶ 3-4. It is **respectfully RECOMMENDED** that the Court reserve jurisdiction to award attorneys' fees incurred by BMW as a result of prosecuting this action, and order BMW to file any motion and memorandum of law for such relief within 14 days of any Order adopting this Report and Recommendation

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 12, 2014.

                *David A. Baker*
                DAVID A. BAKER
                UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy