# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BMW OF NORTH AMERICA, LLC,**
**BAYERISCHE MOTOREN WERKE AG,**

        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　Case No. 6:13-cv-1215-Orl-18DAB

**EUROCAR TECHNOLOGY, L.L.C.,**
**MARCELINO GARCIA,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 20)**
>
> **FILED:**     **April 8, 2014**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

*Background*

On August 9, 2013, Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "BMW") filed a Complaint against Defendants for trademark infringement, unfair competition, and deceptive and unfair trade practices in using BMW's well-known Roundel logo, M-Stripes logo, and MINI Wings logo (Doc. 1). Plaintiffs obtained an entry of default against Defendants when they failed to respond to the Complaint, and the undersigned, on March 12, 2014, issued a Report and Recommendation that default judgment be granted (Doc. 16). This Recommendation, which was adopted by the District Court (Doc. 17), included the following findings

with respect to whether BMW was entitled to an award of attorney's fees as a prevailing party in an "exceptional case" under 15 U.S.C. § 1117(a):

> BMW has established that Defendants have acted willfully in continuing the infringing conduct, even after BMW repeatedly warned Defendants of the infringement and likelihood of confusion. . . . BMW's allegations of willful infringement have been admitted due to Defendants' default. Defendants have completely disregarded BMW's requests to cease and desist their unauthorized use of BMW's trademarks. It is therefore respectfully **RECOMMENDED** that the Court reserve jurisdiction to award attorneys' fees incurred by BMW as a result of prosecuting this action, and order BMW to file any motion and memorandum of law for such relief within 14 days of any Order adopting this Report and Recommendation.

(Doc. 16 at 6). In the subsequent Judgment, the Court retained jurisdiction to tax costs and attorney's fees upon timely motion (Doc. 16), and, on April 8, 2014, Plaintiffs filed such a motion (Doc. 20).

As the Court noted previously in recommending the denial of fees, the analysis regarding whether this case was exceptional was informed by then applicable case law. *See BMW of North America LLC v. Ismail Cuhadar*, Case No. 6:14-cv-40-Orl-37DAB (Doc. 29), *adopted,* Doc. 30. This circuit has held that exceptional cases are those where the infringing party acts in a "malicious, fraudulent, deliberate, or willful manner," *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1205 (11th Cir. 2001) (reversing fee award that lacked sufficient factual findings); *citing Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994) (quoting 1974 U.S.C.C.A.N. 7132, 7133). On April 29, 2014, however, the Supreme Court interpreted identical language in the patent context, and found that the word "exceptional" should be interpreted in accordance with its ordinary meaning:

> We hold, then, that an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, – U.S. –, 134 S.Ct. 1749, – L.Ed 2d –, No. 12-1184, slip op. at 7-8 (U.S. April 29, 2014); *see also Highmark Inc. v. Allcare Health Management System, Inc.*, – U.S. –, 134 S.Ct. 1744, – L.Ed. 2d – (U.S. April 29, 2014) (*Octane* holds "that the

word "exceptional" in § 285 should be interpreted in accordance with its ordinary meaning."). As this new interpretation of the identical language at issue here had not been briefed by BMW, the Court directed BMW to file a supplement to its motion for attorney's fees (Doc. 21), specifically addressing the impact of *Octane,* if any, with respect to the facts here. BMW has done so (Doc. 22) and the matter is now ripe for consideration. For the reasons set forth herein, the Court **respectfully recommends** that the motion for attorney's fees be **denied.**

# Analysis

### I. The *Octane* standard applies

Under Section 35(a) of the Lanham Act, courts may award reasonable attorney fees to the prevailing party "in exceptional cases." 15 U.S.C. § 1117(a). As noted above, although the Eleventh Circuit has defined "exceptional cases" as those where the infringing party acts in a "malicious, fraudulent, deliberate, or willful manner," the Supreme Court, in *Octane,* gives the phrase its ordinary meaning – an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. Although the instant case arises under the Lanham Act and *Octane* is a patent case, in *Octane,* the Supreme Court cited with approval the case of *Noxell Corp. v. Firehouse No. 1 Bar–B–Que Restaurant*, 771 F.2d 521, 526 (C.A.D.C. 1985) (Ginsburg, J., joined by Scalia, J.), noting that it "interpret[ed] the term "exceptional" in the Lanham Act's identical fee-shifting provision, 15 U.S.C. § 1117(a), to mean "uncommon" or "not run-of-the-mill."'" 134 S. Ct. at 1756. As such, the Court finds the *Octane* analysis to be applicable in interpreting the identical provision at issue here.

### II. The *Octane* standard differs from the fraudulent/willful standard

The Eleventh Circuit's definition of exceptional required an affirmative finding of bad faith or deliberate or willful conduct in order to justify fees. The relatively few cases interpreting *Octane*

-3-

to date note that the post-*Octane* fee inquiry is "less rigid and more holistic." *CreAgri, Inc. v. Pinnaclife, Inc.*, No. 11–CV–6635–LHK, 2014 WL 2508386, *6 (N.D. Cal. June 3, 2014) (denying motions for fees). "Under the new standard, no bright-line rules define the parameters of what is exceptional, and no single element (such as baselessness or sanctionability) is dispositive. Rather, the inquiry requires the Court to consider a totality of the circumstances and to exercise its equitable discretion." *Id. See also Intellect Wireless, Inc. v. Sharp Corporation*, No. 10 C 6763, 2014 WL 2443871, *5 (N.D. Ill. May 30, 2014) ("The court recognizes, however, that insofar as the imposition of fees under Section 285, even after *Octane Fitness*, remains an exception to the American Rule, the standard for finding a case exceptional befits its definition—"uncommon," "rare," or "not ordinary.'"). While BMW contends that the effect of this new standard is "to make it *easier* than in the past for prevailing parties to recover attorney's fees under the "exceptional case" standard," the Court does not see it that way. As the Supreme Court stated: "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane,* 134 S.Ct. at 1756. Applying that discretion here and considering the totality of the circumstances, the Court does not find that a fee award is warranted.

### III. The case is not exceptional, under the *Octane* definition

Under *Octane,* a case is exceptional if it *stands out from others* 1) with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or 2) the unreasonable manner in which the case was litigated.

*The strength of BMW's case*–BMW argues that its litigation position was strong in that famous marks are entitled to broad protection, and confusion is likely when a direct competitor uses a mark identical to plaintiff's mark. Citing *Pet-Med Express v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004), BMW contends that cases qualify as "exceptional" when, as here, defendants default on well-pleaded claims of willful infringement and/or refuse to comply with a court order.

-4-

BMW is correct that its famous marks are entitled to broad protection, and the Court further agrees that confusion is likely when a competitor uses BMW's marks.  These facts, however, serve to warrant entry of judgment; they do not necessarily compel a finding that the case is exceptional. As the Court noted in its Order directing further briefing, this is a fairly straight-forward infringement case, and cases where a famous mark is alleged to be infringed by a much smaller local business (as here) are routine.  To hold that a case is exceptional simply because it involves a famous mark would be to hold that fees are always appropriate when famous marks are infringed.  By definition, if all such cases warrant fees, a fee award becomes the rule and not, as required, the exception.  While the strength of the Plaintiff's litigation position is a factor to be considered, it is not dispositive here.

*The conduct of Defendants*–The Court is also not persuaded that the conduct of Defendants warrants a finding of exceptionality. The Complaint, including the attached exhibit, indicates that Defendants, a local business that services and repairs automobiles including BMW and MINI vehicles, used the Plaintiff's Roundel logo on flags at their business premises, BMW's MINI Wings logo on their print advertisements, and a modified version of BMW's Roundel logo incorporating BMW's M-Stripes logo on their website and print advertisements (Doc. 20, Ex. A).  BMW contends that this willful conduct, coupled with the failure to respond to four cease and desist letters and the Complaint makes this case exceptional.  BMW relies on *PetMed Express*; a Southern District of Florida case which states, in pertinent part:

> Plaintiff also seeks an award of attorney's fees pursuant to 15 U.S.C. § 1117(a), which allows an award of attorney's fees and costs for violation of sections 1125(a), (c), or (d). With respect to attorney's fees, the statute specifies that a court may award them "in exceptional cases." 15 U.S.C. § 1117(a). The Eleventh Circuit has defined an exceptional case as a case that can be characterized as malicious, fraudulent, deliberate, and willful. *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir.1994)(quoting H.R.Rep. No. 93–524, 93rd Cong. 1st Sess. (1974)). As previously discussed, Plaintiff has established that **Defendants acted willfully in registering the domain names www.MedPets.com and www.1888MedPets.com** and, thus, is entitled to attorney's fees. Further support for the awarding of attorney's fees is provided both by Defendants' continued infringement even after receiving notice from Plaintiff and Defendants' failure to respond to the Complaint. *See Arista*

> *Records*, 298 F.Supp.2d at 1316. Furthermore, an award of attorney's fees and costs will serve the important functions of deterring future infringements, penalizing Defendants for their unlawful conduct, and compensating Plaintiff for their fees and costs. *Id.*

*PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F.Supp.2d 1213, 1222 (S.D. Fla. 2004) (emphasis added). The Court does not find this analysis compelling here, as the conduct of the instant Defendants is different than the *PetMed* Defendants, and the Eleventh Circuit standard of maliciousness relied upon by the *PetMed* court is not the *Octane* standard.

The pre-suit actions of these Defendants does not arise to the level of misconduct found in *PetMed*. Unlike the *PetMed* defendants, the instant Defendants did not willfully seek to register and thus appropriate a domain name; rather, they wrongfully included Plaintiff's logo among many other logos in business flags and print and website advertising. As for the conduct of Defendants with respect to this suit, there is no evidence that Defendants litigated the case in an unreasonable manner. Indeed, they did not litigate the case at all. Although BMW maintained and the Court found that the conduct of Defendants in ignoring the cease and desist letters and Complaint was willful, the Court concludes that making a conscious choice to default is not enough to take this case out of the run of the mill category. The only acts shown to have been committed by these Defendants were the display of the BMW logo, the failure to respond to the cease and desist letters, and the failure to respond to the lawsuit. For this, they lost the case. While this makes BMW the prevailing party, the statutory language requires more than merely prevailing. Otherwise, every default case would warrant fees; a conclusion not justified by the statute.

BMW also contends that a refusal to award fees here "would also provide an improper and perverse incentive for willful infringers to avoid accountability for fees by ignoring warnings, defaulting, and refusing to comply with an order of this Court." The Court does not agree.

The likely outcome of ignoring cease and desist and/or demand letters is a lawsuit. The likely outcome of ignoring the lawsuit is entry of a default judgment. These unpleasant results can rationally

be said to provide incentive to ignore judicial process.  Nor is there anything "improper or perverse" in a conclusion that entry of a default does not compel an award of attorney's fees.  Indeed, assuming that a Defendant had no legitimate defense to offer, confessing judgment by default is far more appropriate than filing a baseless answer and litigating the suit in bad faith (both of which would more appropriately warrant an award of attorney's fees).

The Court recognizes that many courts, including the undersigned, have cited *PetMed* as authority for awarding fees to prevailing Plaintiffs in a default case. *See*, *e.g., Sigel v. Interplay Entertainment Corp.,* No. 6:06-cv-135-Orl-31DAB, 2007 WL 601613 (M.D. Fla. Feb. 21, 2007). Upon reflection and after consideration of *Octane*, the Court believes this reliance is no longer appropriate.  *PetMed* relied on the Eleventh Circuit standard of defining exceptional as malicious, fraudulent, deliberate and willful cases.  That standard appears to be modified by *Octane.*  Applying the proper standard here, the Court finds, upon consideration of the totality of the circumstances, that this case does not stand out from others sufficient to find it to be "uncommon" and thus, exceptional.

### IV.  The Court should exercise its discretion and decline to award fees

As recognized by the Eleventh Circuit: "Even if the trial court finds that the circumstances of the case are, in fact, exceptional, the decision whether to award attorney's fees is still discretionary." *Dieter v. B&H Industries of Southwest Florida Inc.,* 880 F. 2d 322, 329 (11th Cir. 1989) (citing *Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 846 (11th Cir. 1983)).  Acting pursuant to the Supreme Court's direction to evaluate the totality of the circumstances on a case by case basis, and in view of the absence of Eleventh Circuit authority interpreting *Octane,* the Court finds an award of fees to be inappropriate here, and therefore respectfully recommends that the motion be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 15, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy